The next matter, number 25-1862, Prakash Doj Rana v. Todd Blanche. At this time, would counsel for the petitioner please come to the podium and introduce himself on the record to begin. May it please the court. Stuart Altman for the petitioner, Prakash Doj Rana, and I kindly request to reserve two minutes for rebuttal. You may. Your honors, I'm sure there's probably not many attorneys who start off their oral arguments with movie trivia, but I'm going to give it a try, and the reason why is I think it's relevant to this case. There's only one person to win the Academy Award who never acted in his life, and that person didn't have to act because he was there. The movie was The Killing Fields, and it was about the genocide in Cambodia, and Dr. Hang Ngoor won the award, and obviously he didn't have to act. He had been there the whole time. Now, the reason why I mention this is if you look at the whole story of this movie, they used a lot of Cambodians for it, and a lot of them had very different stories of what happened. They had all been through a genocide. There'd been tremendous trauma and things that affected their memories of how things had happened and the events that happened, and the reason why I bring this up is in this case, there was an adverse credibility finding made against my client. Many of these issues could have been explained, which is recognized in immigration law, like under Cardozo-Fonseca, my clients allowed to elaborate upon issues, but as the court sees, I didn't argue any of those issues because we don't know what the cause may be because there was not a MAMS hearing conducted in this case. A the indicia of incompetency, not to show my client as incompetent, just the indicia of it, and here there was a report submitted by Dr. Reich that clearly stated that what if the IJ reasonably found reading that report that everything up to the sentence that creates some doubt of whether he could assist his counsel in the way we think of incompetence does not support that conclusion because it talks about a lot of things that seem like memory issues and but at the end it didn't also seem like there were lots of things that suggest this didn't wouldn't rise to the level of what would be incompetence as far as being able to help your lawyer and yet there's a vague sentence the very last sentence is a vague sentence to that point does the IJ just have to under your theory of a MAMS hearing accept that vague sentence and ignore everything else that led up to it well it wouldn't be just my theory this would be in a matter of MAMS and the IJ has it says there needs to be indicia and so then we're arguing about is there indicia and I'm asking you is your theory that if the expert puts the magic words regardless of their analysis that led to the magic words that's the end of it for MAMS purposes yes if the expert indicates there's an indicia of incompetency I believe that in the MAMS hearing does have to be conducted or and or procedural safeguards for the person for how we can conduct the hearing I thought you were contesting whether the IJ made an indicia of competency finding am I wrong about that I know the BIA has a statement saying there's no indicia of competency I didn't read the IJ to reach that question it just said that there was competency I couldn't tell from your brief but I thought your brief was suggesting that the IJ had not made a finding about whether or not there was an indicia of competency and instead had jumped ahead to the competency the finding is that wrong or you agree whatever you so I I felt your honor to the IJ used the petitioners demeanor to overcome the petitioners incompetence okay so the you as you take it the IJ's finding did make a finding of no indicia of competency the I did the I just said I considered the report but didn't say what they considered in the report I'm just at either the IJ in your view did make a finding of indicia there's no indicia of competency or the IJ did not make such a fine did not the IJ did not make such a yes what follows from that then what follows from that is the IJ should have either conducted a man's hearing and say why a man's hearing was not needed no no yeah so that if there's no finding by the IJ on whether there was an indicia of competency what are you asking us to do the BIA says there was no indicia of competency yes in right no no indicia of incompetence I just trying to understand what your argument is here's one form of an argument the IJ is required to make a factual finding about whether there is an indicia of incompetency one way or the other I J didn't do that BIA then found there was no evidence of sufficient evidence of indicia of incompetency BIA can't make a factual finding on its own unless the record clear to me whether you're saying that in the brief obviously now that I said it you're gonna want to say oh yes that's what we said but what I'm just trying to say what is your argument to us is it that the IJ made a finding of no indicia of competency but it did it for reasons that don't hold up because it wrongly thought the credibility thing itself was sufficient to undermine that and that's the error I'm just trying to figure out what you're claiming the error is well twofold your honor and I'll explain and I'm not trying to split hairs in this matter because I am saying that the IJ didn't make a show to a company but the the IJ and the BA says I considered dr. Ike's report yes but there's no saying of I considered it and the person was competent or not so that that's part of what it is but it's a hair splitting thing not competent competence isn't the relevant thing it's indicia of incompetent correct and is that what you're saying the IJ because the BIA does use the phrase there was no indicia of incompetence right right based on the IJ saying I considered the report and you're saying that the BIA erred in that regard because the IJ had not actually made a finding based on the report of no indicia of incompetency correct okay so then what should we do vacate a remand I think so your honor for what for a man's hearing what why for a man's hearing why not just for a finding about whether the report does or does not manifest sufficient evidence of indicia of incompetency because I think the report does show it dr. Wright report does show an additional company and the judges may use on the record just compels it because of that report yes and if we disagreed with you on that at a minimum at least the IJ would have to make a that's correct mm-hmm let me ask you your client was represented by counsel so this is not somebody who's there pro se on his own or her own does that make any difference because if there's counsel counsel should have moved you know presented perhaps more evidence or raised the issue in another manner well that was actually presented in the record your honor and I was the counsel at that time and I was the counsel in that hearing and one of the reasons why the judge granted the adjournment to get the medical evaluation is I had taken over the case from another person who had recently had appointed a judge I took over hundreds of cases all at once and while you do meet with people especially in dealing with immigrants there's a certain stigma to mental health where they don't disclose things to you and just knowing and meeting me the first time they're not going to confide things in me it takes a while it takes a lot of trust and I think the immigration judge understood that well and I give her credit but after the report was submitted you didn't ask for a ma'am's hearing no I thought it required a ma'am's hearing just the report alone what I thought it required a ma'am's hearing just the report alone but we but that thought was never expressed to the IJ because it was never a statement that a ma'am's hearing is required correct your honor I never submitted anything requesting a ma'am's hearing I just thought once you show an incompetent it's automatic your position is counsel needn't nor need the petitioner ever request it as long as the record manifests enough indicia it's on the IJ is obliged to have the ma'am's hearing correct yeah and that stated in matter of man can you just talk to me about the prejudice as you see it let's say you're right there was an error either not making the finding or in not holding the ma'am's hearing what was the prejudice to your client the prejudice to my client was this is in these immigration cases even if a person is not found to be incompetent just the indicia there are procedural safeguards put in place in each case and what what but you don't articulate what what would have happened differently in this case that could have affected the outcome favorably had there been a ma'am's hearing but we're in your brief do you outline what that is I didn't outline it you're on it because when don't we have to show prejudice from not getting the ma'am's hearing I I think it's shown in the record even without that you're on what is you tell me that what does the record show with respect to what the prejudice would be the record shows is is dr. Wright said his ability to assist his attorney was compromised so if he cannot fully explain you don't need a ma'am's hearing for that that's just evident from the report that's either true or not true your claim is that the error was not giving the hearing what would have happened had the hearing been held that would have led to a reasonably likelihood of a different outcome what would have had happened had the hearing been held your honor is we would determine one if he was incompetent or not to be able to testify we would have determined what if any procedural safeguards can we put in place to get the best testimony out of this person and that you don't but you don't suggest any of what those might be nor do you suggest there was any additional evidence you would have put on beyond the report no your honor I didn't suggest it but once again I it's do we just presume prejudice whenever there's no ma'am's here I would think so your honor case law that says that ma'ams ma'am says that there's an indicia of incompetency that you must have a ma'am's hearing and and there's the indicia of incompetency what else is supposed to have let's assume the IJ would you say he would have to hold the ma'am's hearing he's got the report he's considering the report and hear from you and didn't he do that no no your honor we did it and I'll explain I really think this is a case regarding procedural safeguards and as Justice Barron said maybe I should have gone through that more in my brief and what we do is it's how can we get the best testimony out of this person and that could be hey that could be maybe allowing me to ask leading questions you have to cross just to to figure out the testimony it could be hey as reports that he loses focus from time to time he's fine at times then he's not fine to give him that few seconds or a minute to just recover you asked to ask leading did you ask to be allowed to provide leading questions after cross or you didn't do that well that that is sometimes the procedural safeguards okay but did you request to do that there no not at that time because I didn't know what the issue was it didn't come up before then your honor because you didn't have the ma'am's hearing so your idea is that if there had been a ma'am's hearing it would have maybe put the credibility determination in doubt because we don't know what the testimony would have looked like had the safeguards been in place that's the basic idea that's correct and there's even cases like matter of Feifei which say you know it's not a ma'am's case but it's a case where it says okay we'll stipulate to certain statements and things like that in the record and we'll give you know time for cross or whatever else is needed so there were different factors which is could have been done but the ma'am's hearing needed to be conducted first for comp I mean I guess it resonates with me slightly when you say well he loses focus so and you know I imagine he's get or he's getting questions in the series from the IJ that lead to these inconsistencies that lead to the IJ saying you're not credible and if there had been breaks or rests such that he could refocus like I can follow all of that so is that all when we say incompetency I guess I'm thinking of like sort of the criminal law are you incompetent to stay in trial is that what we're talking about are we talking about he's not competent because he struggles with this focus thing and that could have been fixed if we fully embraced it is that I mean that that's a cognitive issue he has is that enough in this framing of incompetence years and have to reach sort of kind of like the criminal law you just can't you're so you're just unable to assist your counsel no it doesn't have to reach the burden of criminal law a matter of fact that's also stated in MAMS not only the indicia but you know certain things can you consult with your attorney properly and I to be very straightforward here I don't think I mr. Reyna is incompetent what I think needed to be in place with the procedural safeguards all along after the MAMS hearing to see what is the best way to get the testimony from him because for example your honor if we said hey he loses focus and attention if we said oh just take a break take 30 seconds see a judge can make a negative demeanor against him saying hey you're thinking about your answers but if we understood this then we can make the proper determination that he's not malingering answers or being evasive he just takes a little extra time to come up with the correct answer due to the issues that he has thank you thank you counsel at this time with counsel for the government please introduce yourself on the record to begin thank you your honor and may it please the court my name is Patty's baby from DOJ civil division and I'll be representing the government mr. Rana was represented by counsel throughout the before the immigration judge and if I may respond to the questions by this court quickly with respect to whether or not the immigration judge had an independent obligation to essentially order a competency hearing I'm quoting an opinion from this court in Munoz Monsalve which we cited in our brief from 2008 where it talks about where the petitioners represented by counsel quote in the first instance it is the advocates role not the IJ's to breach the issue of mental competence and then it goes on to say the failure to raise a competency issue in a timely manner renders an ensuing claim of error particularly but that's in this case the person had had a head injury and had a doctor's report saying he would have trouble assisting counsel was that true in that case that was not true in that case but what happened in this case is there are a bunch of questions that are leading to bad outcomes it's clear this lawyer I think the records clear had met with this person one time prior realizes something has gone amiss says can I have a continuance and then gets the report now is there another hearing before the IJ after the report is issued I believe there is another hearing yes there's another there's another in person hearing I'm not sure if mr. Rana testified at this hearing but I believe counsel had an opportunity to speak with the IJ with respect to the point is at that time they didn't ask for a further competency hearing that's right that's my understanding that at the time that the council did not it was at that point it was really about well to try to explain why there were discrepancies and the council pointed to the report to say well the discrepancies could be because he's losing focus but and with respect to the report what I will say is that you don't disagree that under MAMS there doesn't need to be a request that's right under MAMS it doesn't need to be a request but the fact that council didn't make the request make the makes the claim for air particularly weak and that's from the newsman that was in a case in which was there any other indicia of incompetence what was the what was the basis for it because here unlike there it's not just counsel didn't make it so it's very weak it's counsel didn't make it after asking for a continuance based on somebody who had a head injury who was demonstrating potentially that they were losing focus then having a doctor's report saying he has cognitive issues and may have trouble assisting counsel in that setting since ma'am says you don't have to request it if we say even then oh well he didn't request it so it's very weak I don't understand how that's faithful to ma'am's idea that you don't have to request it well but but with respect to MAMS even MAMS itself recognizes that competency is not static and it says an immigration judge needs to review the competency of the witness throughout the proceeding that competency may deteriorate or it may be restored throughout the proceeding and our position is that the immigration judge did take into account the report she acknowledged that the respondent may lose focus did she make a MAMS finding she did not make a MAMS finding well then how how can we not vacate and remand but but the agency did the the board when it was you can't make a finding unless the record compels the finding right that's a factual isn't a factual finding whether there's an indicia of incompetency for MAMS purposes well wouldn't we review that factual finding the BIA would have to review the IJ's finding for clear error but what ma'am says is absent an indicia of incompetency the the immigration judge doesn't have an independent operation if there's an indicia of constant and they do the question yes and then the question and I do agree that's a factual determination yes the and you just said the IJ made no such factual finding because the argument was not made to the IJ but under MAMS it doesn't have to be yes if there is sufficient evidence of indicia of incompetence we don't have a finding one way or the other whether there was you know now I want to buy the IJ correct right there's some evidence because the report says this person can't consult with it's doubtful they can consult with their lawyer so there's something before the IJ that suggests it's not like an absence of information right but then the the mr. Rana's attorney then used that report to say well this explains why mr. Rana's testimony was inconsistent and the immigration judge said I recognize that there's a report that says he may lose his focus his focus may come in and out but based on my observation he was focused he was attentive and then it's not a man's finding but but your honor under that theory essentially every immigration judge would have to make an indicia of competency whether or not it's raised by whenever there is sufficient indicia of right and we would maintain that there isn't sufficient indicia of incompetency expert said in his opinion these facts suggest that the problem is there yes it triggers right right we would maintain that this the singular sentence at the end of the report that says this is going to compromise that that's not an issue it's not they would have to find yes ma'am's hearing they that there is no such in this the BIA made the finding right because the argument was raised to the BIA but I think just to be clear a petitioner's position as I understand it is that just because the report says that it this compromises his ability to assist his counsel that that is sufficient indicia of competencies and if the IJ disagrees the IJ can make a finding disagreeing with that but we don't question the question is when does the IJ have to make a finding on that yes so we would disagree that just because there's a report that at the end of it it says his his attention span comes in and out that that's sufficient let's put it this way suppose the IJ had found based on that report there was sufficient indicia do you think that would be clearly erroneous well I I'm I'm hesitant to answer that question well you don't really have an option because the BIA if it's if it's clearly erroneous then the BIA is ruling that there is no indicia controls and fine no problem with the record but if the BIA could not find that that was clear error on this record then we have a problem that all we have is the BIA's determination on that factual question and no ruling by the IJ but the BIA is determination is supported by sufficient evidence but the question is whether it would be clear error for the IJ to have come out the other way because that's how the BIA under its own regulations would have to review that finding the BIA in the first instance cannot make factual findings and it's error than if it does so and so what they say in their order is based on the foregoing and then here's in lack of indicia of incompetency so they have made a determination that there's a lack of indicia of incompetency and it seems like you agree that is a factual determination point one you agree with that yes based on the IJ did not make that finding point two point three there's some evidence in the record even if weak that goes in favor of it so I guess the question is can you affirm based on what I just read to you when the IJ didn't make the factual finding in the first instance I think that is the question well yes we think the court can affirm because this again goes back to how much is required for indicia of incompetency for the sort of light bulb to go off and again the attorney here didn't make the words are in the report he can't help his lawyer right seems like magic word now maybe they're not supported by the rest of the analysis but somebody has to decide that in the way we've divided up authority is the IJ has to decide that and they did not yes but ma'am takes it sort of explains that this is like a holistic analysis that it's not enough for just one thing in isolation to trigger indicia of competency and then the immigration I'll ask you one lesson if the IJ had ruled here that this was sufficient to trigger a ma'am's hearing would that have been clear error such that the BIA would have been compelled to reverse that ruling based solely on the report based on the report what had happened at trial in the proceeding and the fact that he in fact had been hit on the head and suffered a head injury yes because we would maintain that the record shows that he's clearly not what's your best case for saying that under existing BIA precedent a finding of an addition of competence on this record would have been clear error I don't know if I have a site for that particular proposition but what I'll note is in Munoz man solve a the court the the petitioner there the problem was and I'm quoting the petitioner stumbled over his answers and then his statements overall were inconsistent with those given during prior interviews exactly what happened here and the court said this wasn't enough to just require the IJ had there been evidence of a head injury there I'm not sure if there was evidence I was there a doctor's report saying he couldn't assist counsel but but the the doctor's report in in our case a psychologist report in our case didn't talk about the head injury as having caused some sort of a severe memory problem it just talked about an attention span problem and we would maintain that that is a far cry from the type of cases where there's an indicia of incompetency I mean in those cases and ma'ams talks about this because it references I may finish it references the criminal context and the due process context we're really talking about scenarios in which the petitioner or the defendant has no idea what's going on they're hallucinating they don't know what the role of the judges let me ask you counsel I was a district judge for 15 years and had I had this report and let's say this was a change of plea hearing or a sentencing or I have this report submitted by counsel I I would not take that change of plea right away I probably continue or I'm sentencing somebody maybe you know I I need to hold some sort of hearing to figure out and that's and it happened more than you know more than a few times wouldn't that that's of course you mentioned criminal cases but shouldn't that also be what's applied here and that's basically what a ma'am's hearing is what would you know judge would do in a criminal case when something like this happens well what I'll note is that this particular case that the evaluation of the witness in the context of the report is particularly deferential to the immigration judge that reviewed not just the responses but also the mannerisms that demeanor let me put it in the context I'm saying if I'm a district judge and I have counsel submits this report and I'm gonna take a change of somebody I can't simply say well I find them to be you know the demeanor XYZ make some findings there there is that information I need to hold some sort of hearing or you know at least give some process there and isn't that that's what lacking again in a criminal case if I took the change of plea or sentence with this report and counsel saying look I have this report I'd be reversed you know in three seconds well we would maintain that the immigration judge decided not to based on again her observation of the witnesses testimony the credibility and the fact that the report wasn't even conclusive on on the issue of the attention span problem and we think that that requires great deference thank you thank you thank you counsel at this time would counsel for the petitioner please reintroduce himself on the record he has a two minute rebuttal good morning your honor Stuart Altman for rebuttal your honor just to address the last issue counsel said the report was a conclusive this wasn't a contrived ending your honor as your honors could see through the report there are multiple times where he's answering the questions fine and there's multiple times where he's completely inattentive one of those examples was when the doctor was asking him what's it different a couch in a chair and he just kept answering chair four times to the same question there were other instances throughout the report so dr. Rice just didn't has a conclusion his conclusion was based on all the questions that he asked him in this matter which supported that he does have a substantial issues with focus and due to this would be compromised furthermore your honor once again as ma'am says on number three of ma'am the immigration must make further inquiry that was not done here so that's kind of you agree with that we seem to my analogy to me taking a change of plea you know stop the proceedings gonna do something else just can't simply rely on some questions I'm posing as a judge correct correct yes it must make and that's stated in man's and furthermore do you know how this played out so it doesn't seem to me that his lawyer who didn't know him that well thought at the time that the hearing ending that the this is gonna have some kind of incompetency ring I think if they were trying to figure out is there an argument here to explain his inconsistent answers and the judge to find who's not thinking he's being very consistent agrees to let there be some kind of evaluation about that the evaluation happens in the doctor does say in the end his ability to assist his own attorney in the immigration court is what happens after that that is submitted what what process happens after that you are the process happens after that is it's just just give an inconsistent answers alone is nothing I mean the process what happened this is submitted does the IJ just take this piece of paper and go back and then write their opinion and say whatever they want about this document is there a hearing where the I believe the IJ is required to conduct what did what happened what in fact happened after the report came in nothing the IJ just issued a decision that was that nothing happened and I'm sorry just to address the beginning of your question it wasn't just inconsistent answers that triggered the report it was the way he was behaving in the courtroom thank you thank you thank you counsel that concludes argument in this case thank you